## GROSSMAN v. GUTTMAN.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

MASTER AND SERVANT ⬤⇌43—WRONGFUL DISCHARGE—QUESTION FOR JURY—DAMAGES—COMPUTATION.

    Where, in an action for wrongful discharge, the evidence on the issue of damages showed that plaintiff's new employment was at the rate of $22 a week, but the evidence was indefinite as to the time actually put in by plaintiff, the amount of damages is for the jury to assess, and is not a matter of mathematical computation for the court.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ⬤⇌43.]

Appeal from City Court of New York, Trial Term.

Action by William Grossman against Regina Guttman, administratrix of Henry Guttman, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Walter T. Kohn, of New York City (Gustavus A. Rogers, of New York City, of counsel), for appellant.

Samuel C. David, of New York City (Otto A. Samuels, of New York City, of counsel), for respondent.

SHEARN, J. It appeared without contradiction that the plaintiff was discharged by his employer, as well as by the receiver of the employer, and therefore there was no question for the jury on the issue of discharge. While the employer was not responsible for the act of the receiver, he was, of course, answerable for his own act. The dam-

ages, however, should have been assessed by the jury. They were not a mere matter of computation. Plaintiff's salary in his new employment was $22 a week. He testified that he worked on the average only about three-quarters of the day; that "I received about $16 and $17, because I worked three-quarters time"; that he worked "mostly three-quarters time." This indefinite testimony did not afford the basis for a mathematical computation of the damages by the court. The damages should have been assessed by the jury. That was what the jury was there for.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.